

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

Gardell Delmaro Yancey )
_____, )
**Plaintiff(s),** )
)
vs. )
)
United States Government )
United States Department of Justice )
United States Department of Health and Human Services )
United States Department of Education )
United States Postal Service , )
United States Department of Labor )
**Defendant(s).** )
Central Intelligence Agency )
National Security Agency
National Aeronautics and Space Administration
State of Illinois Supreme Court

**RECEIVED**

DEC 17 2024 un

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

Case No.

_____

**1:24-cv-12960**
Judge April M. Perry
Magistrate Judge Maria Valdez
RANDOM / Cat. 1

## COMPLAINT FOR VIOLATION OF CONSTITUTIONAL RIGHTS

*This form complaint is designed to help you, as a* pro se *plaintiff, state your case in a clear manner. Please read the directions and the numbered paragraphs carefully. Some paragraphs may not apply to you. You may cross out paragraphs that do not apply to you. All references to "plaintiff" and "defendant" are stated in the singular but will apply to more than one plaintiff or defendant if that is the nature of the case.*

1. This is a claim for violation of plaintiff's civil rights as protected by the Constitution and laws of the United States under 42 U.S.C. §§ 1983, 1985, and 1986.

2. The court has jurisdiction under 28 U.S.C. §§ 1343 and 1367.

3. Plaintiff's full name is Gardell Delmaro Yancey .

*If there are additional plaintiffs, fill in the above information as to the first-named plaintiff and complete the information for each additional plaintiff on an extra sheet.*

1

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

4.  Defendant, _____, is

(name, badge number if known)

☐ an officer or official employed by _____;

(department or agency of government)

_____or

☐ an individual not employed by a governmental entity.

***If there are additional defendants, fill in the above information as to the first-named defendant and complete the information for each additional defendant on an extra sheet.***

5.  The municipality, township or county under whose authority defendant officer or official

acted is_____. As to plaintiff's federal

constitutional claims, the municipality, township or county is a defendant only if

custom or policy allegations are made at paragraph 7 below.

6.  On or about_____, at approximately _____ ☐ a.m. ☐ p.m.

(month,day, year)

plaintiff was present in the municipality (or unincorporated area) of _____

_____ , in the County of _____,

State of Illinois, at _____,

(identify location as precisely as possible)

when defendant violated plaintiff's civil rights as follows ***(Place X in each box that applies)***:

☐     arrested or seized plaintiff without probable cause to believe that plaintiff had committed, was committing or was about to commit a crime;

☐     searched plaintiff or his property without a warrant and without reasonable cause;

☐     used excessive force upon plaintiff;

☐     failed to intervene to protect plaintiff from violation of plaintiff's civil rights by one or more other defendants;

☐     failed to provide plaintiff with needed medical care;

☐     conspired together to violate one or more of plaintiff's civil rights;

☐     Other:

_____

_____

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

_____.

7.    Defendant officer or official acted pursuant to a custom or policy of defendant

municipality,  county or township, which custom or policy is the following: (*Leave blank*

*if no custom or policy is alleged*):_____

_____

_____

_____.

8.    Plaintiff was charged with one or more crimes, specifically:

_____

_____

_____

_____

_____

9.    (*Place an X in the box that applies.  If none applies, you may describe the criminal*
*proceedings under "Other"*)  The criminal proceedings

☐   are still pending.

☐   were terminated in favor of plaintiff in a manner indicating plaintiff was innocent.[1]

☐   Plaintiff was found guilty of one or more charges because defendant deprived me of a

fair trial as follows_____

_____.

☐   Other: _____.

_____

[1]Examples of termination in favor of the plaintiff in a manner indicating plaintiff was innocent
may include a judgment of not guilty, reversal of a conviction on direct appeal, expungement of the
conviction, a voluntary dismissal (SOL) by the prosecutor, or a *nolle prosequi* order.

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

10.     Plaintiff further alleges as follows: (*Describe what happened that you believe supports your claims. To the extent possible, be specific as to your own actions and the actions of each defendant.*)

Attached letter

11.     Defendant acted knowingly, intentionally, willfully and maliciously.

12.     As a result of defendant's conduct, plaintiff was injured as follows:

Fifth Amendment, Fourteenth Amendment, Writ of Mandamus, Writ of Certiorari, Bill of Attainder, Title IV of the Civil Rights Act of 1964, Title VI of the Civil Rights Act of 1964, Title IX of the Education Amendments of 1972, Official Misconduct, Obstruction of Justice, Long-Arm Jurisdiction, Hate Crime Assault, Abuse, Theft, Illegal Entry, Discrimination, Retaliation and Collusion,

13.   ) Plaintiff asks that the case be tried by a jury. ☐ Yes ☑ No

4

14.    Plaintiff also claims violation of rights that may be protected by the laws of Illinois, such

as false arrest, assault, battery, false imprisonment, malicious prosecution, conspiracy,

and/or any other claim that may be supported by the allegations of this complaint.

**WHEREFORE,** plaintiff asks for the following relief:

A.    Damages to compensate for all bodily harm, emotional harm, pain and suffering,

loss of income, loss of enjoyment of life, property damage and any other injuries

inflicted by defendant;

B.    ☒ *(Place X in box if you are seeking punitive damages.)* Punitive damages

against the individual defendant; and

C.    Such injunctive, declaratory, or other relief as may be appropriate, including

attorney's fees and reasonable expenses as authorized by 42 U.S.C. § 1988.

Plaintiff's signature: _Gardell Yancey_

Plaintiff's name *(print clearly or type)*: _Gardell Delmaro Yancey_

Plaintiff's mailing address: _2030 Sycamore Ave_

City _Hanover Park_          State _IL_          ZIP _60133_

Plaintiff's telephone number: ( ) _____.

Plaintiff's email address *(if you prefer to be contacted by email)*: _____

_gyancey2002@yahoo.com_

15.    Plaintiff has previously filed a case in this district.   ☒ Yes  ☐ No

*If yes, please list the cases below.*

*Any additional plaintiffs must sign the complaint and provide the same information as the first plaintiff.  An additional signature page may be added.*

5

12-17-24

United States District Court For The Northern District Of Illinois
Reason to file a Lawsuit

I am notifying the United States District Court For The Northern District Of Illinois about questionable activity that have occurred with the parties of the United States Government, United States Department of Justice, United States Department of Health and Human Services, United States Department of Education, United States Postal Service, United States Department of Labor, Central Intelligence Agency, National Security Agency, National Aeronautics & Space Administration and the State of Illinois Supreme Court with the alleged charges of the Fifth Amendment, Fourteenth Amendment, Writ of Mandamus, Writ of Certiorari, Bill of Attainder, Title IV of the Civil Rights Act of 1964, Title VI of the Civil Rights Act of 1964, Title IX of the Education Amendments of 1972, Official Misconduct, Long-Arm Jurisdiction, Obstruction of Justice, Hate Crime Assault, Abuse, Theft, Illegal Entry, Discrimination, Retaliation and Collusion. On 2-21-18, an assault was caught on camera at the Hanover Park Library, to where the local Police department was called to the location of the incident that involved a Hate Crime. The officers arrived on the scene, in which a request was made by me for the offender to be charged. Questionable actions occurred by the officers when they elected not to arrest the offender. This led to Sergeant McDonnell being called on the scene by the Plaintiff, in which he concurred with the officers' decision not to prosecute. I then expressed to the supervising officer that I did not agree with the decision given and that my rights were not exercised, to where all parties left the scene. Several attempts to contact supervising officers including Chief of Police Mike Menough at the Hanover Park Police Station were unsuccessful to date. A complaint was file about the incident with the department. Similar instances happened with the Oak Park, Chicago, North Riverside and Forest Park Police Departments in the denial of the Plaintiff's civil rights that displayed a pattern of behavior. The complaint was then escalated to the Illinois Attorney General's office about the discrepancy that occurred with the Hanover Park Police Department. After reviewing the grievance, the office elected not to investigate the claim stating that the department did not have jurisdiction with the Plaintiff's concern. However in their literature on its' website, it stated that the office does handle discrepancies with police. This led me to file a complaint with the Illinois Department of Human Rights regarding civil rights violations. The report was given to an investigator Maryann Petway, in which she did not conduct a formal interview about the concern. I attempted for years to resolve the manner through emails, voice messages and personal appearances, in which I did not get a reply from several members of the agency. However, this displayed another example of a possible pattern of behavior that is connected to previous complaints filed with the office that are still pending as shown here **18M0611.01, 18M0611.02, 18M0611.03 and 18M0611.04**. Included with the explanation, is a report to of which the Illinois Department of Human Rights did not file a claim that involved the Hate Crime Assault. Attempts to resolve the discrepancy with the parties for an inquiry consisted of: Deputy Director Alex Bautista, Intake Unit Department Manager Oscar Montes, Lead Investigator Intake Unit Jacquelyn Turner Hamb and Investigator Maryann Petway, to where emails can be provided for evidence that extended to 2-5-20. As a result, caused a disruption with the Due Process of the Law. This would answer any questions of Tolling the Limitation violation, because it was resolved by the request of an arrest with the Hanover Park Police of the person involved in the Hate Crime Assault that was not performed with the inclusion of a video as proof of the event. This could also account as Obstruction of Justice and Official Misconduct given that the incident was reported immediately. Another possibly that I am requesting for the court to consider is the Co-VID 19 crisis that caused a delay with closed government and municipal facilities.

On 5-31-23, I visited the FBI Chicago Branch at approximately 9:20 am, to where I spoke with a Hispanic female security guard via intercom about Hate Crimes that needed to be reported with the department. I was then told by her that it would be a

wait time to meet with personnel regarding my concerns and to stand in the parking lot area for an agent. At 10:03 am, I met with agent Casey Halliberger outside of the complex, to where she started addressing my complaint. I asked immediately as to why were we having the conversation outside in the parking lot and not in the building. She explained that the CoVid-19 epidemic changed security protocols, to where this was standard. A statement letter was then given to Casey about the purpose of my complaint, which contained descriptions of Hate Crimes, Official Misconduct and National Security. She was told of supporting evidence to my claims, including a video of the assault available if needed. Casey then suggested that I file the report online on their website at "Ic3.gov." I then stated multiple times that there were National Security concerns with the inquiry, in which she ended the conversation abruptly and left into the building. On 6-2-23, I filed the complaint on their online website as requested, to where I have yet to receive a response to date about the inquiry.

The United States Department of Education is also in question regarding Northern Illinois University's Financial Aid & Scholarship and Bursar Office about questionable actions that may have occurred, which effected the status I had with the university. This is regarding possible claims of Due Process, Official Misconduct, Discrimination and Retaliation violations. A complaint was previously sent to the President Lisa C. Freeman, Financial Aid and Scholarship Director Samantha McCarron & Associate Director Sharon Collins, Bursar Director Miesha Daley, Ombudsperson Sandra Cox with no current investigations. The concern is about my Student Loan Balance, which in my opinion should have been sent to my lenders for deferment. I spoke with the Financial Aid & Scholarship and Bursar office about my concern, to where questionable statements were made by staff members regarding the discrepancy with the University. I tried for several months to resolve the issue that caused a hold with the school preventing me from registering for the Spring Semester of 2024. This was explained to the departments, in which I was given documentation that highlighted my point for a solution, however the problem still persisted. During this time, I incurred late fees that are now near the maximum availability of Financial Aid totaling $12,500. I am questioning about the effect that it would have on the possible amount transferred to my loans, if resolved. Included is a concern of the legality with billing, to of which I may have been charged for two semesters in one that caused an outstanding balance. I am notifying the counselor for double billing, because I only attended one semester at the university. In addition, there may be a third bill that is in question with the Illinois Comptroller. However, there is another issue that needed to be addressed about the amount pending with my lenders Nelnet Inc. and EdFinancial that should have been considerably less. I would like to request an audit of the balances held for deferment as fraud. Also included as a discrepancy, involves a Pell Grant of $5,700 that was not included in the documents given from the department through a request for record. I was notifying about the amount through a letter that was sent to my home address in the beginning of the Fall semester of 2023. Management was also notified about the occurrences with no inquiry thereafter. This may also have a connection with the grades that I received in the semester, to of which a Grade Appeal request was made with university that had discrepancies in the process. Documents are available if needed to support my claims.

There is also a possible connection between my places of employment that may involve Questionable Protocols, Coercion and Theft that needed to be reported to the United States Department of Labor. The United States Department of Health and Human Services also have incidents that need to be addressed as well that possibly prolonged my symptoms with various medical facilities I visited. Questionable actions have occurred regarding complaints of 16174891, 16174821, 16174839, 16185669, 16583968, 16584062, 16962224, 16972568, 16972317, 17238176, 17239885, 17452086, 19340413, 20101006, 21855639, 22466028, 22845309, 24273221, 25966120, 26074213, 26073461, 26379053, 26481119, 27532188, 29762614, 16428682, 16598322, 16598419, 16961304, 16973075, 16973113, 17239467, 17240202, 17452116, 19339849, 20101232, 21855380, 22466244, 22846079, 24273255, 25965850, 26073434, 26073687, 26380137, 26482239, 27531904 and 29763271 from the department that I would like to be reported as possible Bill of the Attainder violations.

Also on the state level with the State of Illinois Supreme Court, was about possible discrepancies that may have occurred during the filing process. On both 10-18-24 and 10-25-24, a Reason To Sue letter was sent to the Clerk's office that resulted in no response. Included with the letter, was a 66 page document that contained evidence for a reason of a lawsuit. I am inquiring with U. S. District Court For The Northern District Of Illinois as to the status of the filing for possible violations of Fifth Amendment, Fourteenth Amendment, Writ of Certiorari, Bill of Attainder, Official Misconduct, Obstruction of Justice and Collusion. There also may be acts of collusion that included other parties brought under suit regarding the United States Government, United States Department of Justice, United States Department of Education, United States Department of Health and Human Services and the Central Intelligence Agency for a possible case. The reason for the listings were to establish a pattern of behavior from the defendants involving possible discrepancies with my civil rights. This is important,

because it could show possible collusion between the parties to establish a story line for evidence in the trial if granted. There were also interests that needed to be protected in regards to ongoing occurrences that involve National Security. This is important because it could have an adverse effect on the outcome of the overall case filing.

Sincerely,
Gardell Yancey
2030 Sycamore Ave
Hanover Park, IL 60133
gyancey2002@yahoo.com

**State of Illinois Supreme Court**
**Civil Lawsuit**
**Gardell Yancey**
**Envelope 29805405**

10-25-24

State of Illinois
Supreme Court
Judicial Inquiry Board
Complaint
Case: **2023 L 005690**

To whom it may concern, I am notifying the State of Illinois Supreme Court about possible discrepancies that may have occurred with the State of Illinois Judicial Inquiry Board's complaint of the Circuit Court of Illinois' Judge Kathy M. Flanagan case **2023 L 005690**. On May 10, 2024, a grievance was sent to the Judicial Board, about a case filed with the state. In the Reason to Sue letter, it stated "To whom it may concern, I am notifying the State of Illinois Judicial Inquiry Board about possible discrepancies that may have occurred with Judge Kathy M. Flanagan case **2023 L 005690** regarding the Due Process of Law. For several years, I have experienced questionable activity from judicial, law enforcement, health, religious and various municipalities. Complaints were filed with local, state and government institutions, to where no investigations were done. The parties involved are the Illinois Judicial Inquiry Board, Chicago Police, Oak Park Police, Hanover Park Police, Streamwood Police, Addison Police and Forest Park Police. This is regarding claims of the Fourteenth Amendment, Writ of Mandamus, Writ of Certiorari, Bill of Attainder, Title IV of the Civil Rights Act of 1964, Official Misconduct, Long-Arm Jurisdiction, Obstruction of Justice, Assault, Theft, Illegal Entry, Discrimination and Retaliation. Included with the filing, was an explanation of my concerns with the defendants above in detail that was edited by Judge Flanagan. However what was notated, was evidence of a possible reason to achieve a court date in my opinion. For example on 2-21-18, an assault was caught on camera at the Hanover Park Library, to where the local Police department was called to the location of the incident that involved a Hate Crime. The officers arrived on the scene, in which a request was made by the Plaintiff for the offender to be charged. Questionable actions occurred by the officers when they elected not to arrest the assailant. This led to Sergeant McDonnell being called on the scene by the Plaintiff, in which he concurred with the officers' decision not to prosecute. The Plaintiff then expressed to the supervising officer that he did not agree with the resolution given and that his rights were not exercised. The video of the event was acquired by the Plaintiff through the Schaumburg Township District Library. Several attempts to contact supervising officers including Chief of Police Mike Menough at the Hanover Park Police Station were unsuccessful to date. Similar instances happened with the Oak Park, Chicago, North Riverside and Forest Park Police Departments in the denial of the Plaintiff's civil rights that displayed a pattern of behavior.

The complaint was then escalated to the Illinois Attorney General's office about the discrepancy that occurred with the Hanover Park Police Department. After reviewing the grievance, the office elected not to investigate the claim stating that the department did not have jurisdiction with the Plaintiff's concern. However in their literature on its' website, stated that the office is responsible for police misconduct. This led the Plaintiff to file a complaint with the Illinois Department of Human Rights regarding civil rights violations. The report was given to an Investigator, in which she did not conduct a formal interview about the concern. The Plaintiff attempted for years to resolve the manner through emails, voice messages and personal appearances, in which he did not get a reply from several members of the agency about the continuation of the case. This displayed another example of a pattern of behavior, in which previous complaints that were filed with the office that are still pending as shown here **18M0611.01, 18M0611.02, 18M0611.03** and **18M0611.04**. In addition with the explanation, is a report to of which the Illinois Department of Human Rights did not file the claim that involved the Hate Crime Assault. Attempts to resolve the discrepancy with the parties for an inquiry consisted of the: Deputy Director Alex Bautista, Intake Unit

Department Manager Oscar Montes, Lead Investigator Intake Unit Jacquelyn Turner Hamb and Investigator Maryann Petway, to where emails can be provided that extended to 2-5-20 for evidence upon request. As a result, caused a possible disruption with the Due Process of the Law. This in my opinion would answer any questions of a Tolling the Limitation violation, because it was resolved by the request of an arrest with the Hanover Park Police of the person involved in the Assault that was not performed. This could also account as Obstruction of Justice and Official Misconduct given that the incident was reported immediately. Also included as a possibly that I would like the court to consider, is the Co-VID 19 crisis that caused a delay with the closing of government and municipal facilities. There were also National Security concerns that were brought to the attention of the court in the letter as well, thank you." On 7-16-24, I received a decision from the Board that resulted in a Dismissal Letter, even with the conclusive evidence presented to the state in my opinion that I am now protesting.

However since the filing, I have experience more discrepancies that included Title VI of the Civil Rights Act of 1964, Title IX of the Education Amendments of 1972, Abuse, Theft, Collusion with the parties of the United States Government, United States Department of Justice, United States Department of Health and Human Services, United States Department of Education, United States Postal Service, United States Department of Labor, Central Intelligence Agency, National Security Agency, National Aeronautics & Space Administration, Maywood Police Department and Elburn Police Department. I would like to report to the court as possible Bill of the Attainder violations due to questionable procedures by the Judicial Board. Furthermore, I believe could show acts of collusion between the parties named above that resulted in possible Official Misconduct. On 10-16-24, a previous filing was with the State of Illinois Supreme Court that was Rejected by Clerk stating that "Correspondence addressed to the Illinois Supreme Court must be placed in the U.S. Mail." However, there were discrepancies I experienced during the filing that may need to be reported to the website administrator Tyler Technologies **Envelope 29805405**. I was unable to find the Reason To Sue Page to specify the purpose for suing. In addition, I was not able to upload the evidence files to support claims in a separate folder. I had to include it with the Motion for Waiver of Court Fees that I would like the Court to consider also with registration as instructed by the Illinois Supreme Court. The party involved is the:

> Illinois Inquiry Board
> 555 W. Monroe St.
> Chicago, IL 60661
> 312-814-5554

Sincerely,
Gardell Yancey
2030 Sycamore Ave
Hanover Park, IL 60133
gyancey2002@yahoo.com



David P. Sterba
*Chair*
Honorable Kent A. Delgado
*Vice Chair*
Megan Applegate
Elaine B. Johnson
Sean Nash
Jonathan S. Quinn
Honorable Amy Sholar
Ruby Smith

Michael Deno
*Executive Director &*
*General Counsel*
555 West Monroe Street
Suite 800-N
Chicago, IL 60661
PHONE (312)814-5554
(800)227-9429

**STATE OF ILLINOIS**
**JUDICIAL INQUIRY BOARD**

FAX (312)814-5719
TTY (866) 451-5724

July 16, 2024

Gardell Delmario Yancy
2030 Sycamore Avenue
Hanover Park, Illinois 60133

Dear Mr. Yancy:

The Judicial Inquiry Board ("Board") has concluded its review of the allegations detailed in your complaint against an Illinois state court judge and has determined to close the matter. The Board's determination to close the complaint is in no way an opinion as to the merits of your court case.

Please note that the Board is prohibited, pursuant to the confidentiality provisions contained in its Constitutional authority and Rules of Procedure, from disclosing specifics regarding its deliberations, findings, or decision concerning any matter.

Regards,

*Michael Deno*
Michael Deno
*Executive Director &*
*General Counsel*

*Gardell Yancy*

State of Illinois
Judicial Inquiry Board
Complaint
Case: **2023 L 005690**

To whom it may concern, I am notifying the State of Illinois Judicial Inquiry Board about possible discrepancies that may have occurred with Judge Kathy M. Flanagan case **2023 L 005690** regarding the Due Process of Law. For several years, I have experienced questionable activity from judicial, law enforcement, health, religious and various municipalities. Complaints were filed with local, state and government institutions, to where no investigations were done. The parties involved are the Office of the Illinois Governor, Illinois Office of Executive Inspector General, Illinois Attorney General, Illinois State Comptroller, Illinois Department of Human Rights, Illinois Executive Ethics Commission, Chicago Police, Oak Park Police, Hanover Park Police, Streamwood Police, Addison Police and Forest Park Police. This is regarding claims of the Fourteenth Amendment, Writ of Mandamus, Writ of Certiorari, Bill of Attainder, Title IV of the Civil Rights Act of 1964, Official Misconduct, Long-Arm Jurisdiction, Obstruction of Justice, Assault, Illegal Entry, Discrimination and Retaliation. Included with the filing, was an explanation of my concerns with the defendants above in detail that was edited by Judge Flanagan. However what was notated, was evidence of a possible reason to achieve a court date in my opinion. For example on 2-21-18, an assault was caught on camera at the Hanover Park Library, to where the local Police department was called to the location of the incident that involved a Hate Crime. The officers arrived on the scene, in which a request was made by the Plaintiff for the offender to be charged. Questionable actions occurred by the officers when they elected not to arrest the assailant. This led to Sergeant McDonnell being called on the scene by the Plaintiff, in which he concurred with the officers' decision not to prosecute. The Plaintiff then expressed to the supervising officer that he did not agree with the resolution given and that his rights were not exercised. The video of the event was acquired by the Plaintiff through the Schaumburg Township District Library. Several attempts to contact supervising officers including Chief of Police Mike Menough at the Hanover Park Police Station were unsuccessful to date. Similar instances happened with the Oak Park, Chicago, North Riverside and Forest Park Police Departments in the denial of the Plaintiff's civil rights that displayed a pattern of behavior.

The complaint was then escalated to the Illinois Attorney General's office about the discrepancy that occurred with the Hanover Park Police Department. After reviewing the grievance, the office elected not to investigate the claim stating that the department did not have jurisdiction with the Plaintiff's concern. However in their literature on its' website, stated that the office is responsible for police misconduct. This led the Plaintiff to file a complaint with the Illinois Department of Human Rights regarding civil rights violations. The report was given to an Investigator, in which she did not conduct a formal interview about the concern. The Plaintiff attempted for years to resolve the manner through emails, voice messages and personal appearances, in which he did not get a reply from several members of the agency about the continuation of the case. This displayed another example of a pattern of behavior, in which previous complaints that were filed with the office that are still pending as shown here **18M0611.01, 18M0611.02, 18M0611.03 and 18M0611.04**. In addition with the explanation, is a report to of which the Illinois Department of Human Rights did not file the claim that involved the Hate Crime Assault. Attempts to resolve the discrepancy with the parties for an inquiry consisted of the: Deputy Director Alex Bautista, Intake Unit Department Manager Oscar Montes, Lead Investigator Intake Unit Jacquelyn Turner Hamb and Investigator Maryann Petway, to where emails can be provided that extended to 2-5-20 for evidence upon request. As a result, caused a possible disruption with the Due Process of the Law. This in my opinion would answer any questions of a

Tolling the Limitation violation, because it was resolved by the request of an arrest with the Hanover Park Police of the person involved in the Assault that was not performed. This could also account as Obstruction of Justice and Official Misconduct given that the incident was reported immediately. Also included as a possibly that I would like the court to consider, is the Co-VID 19 crisis that caused a delay with the closing of government and municipal facilities. There were also National Security concerns that were brought to the attention of the court in the letter as well, thank you.

Sincerely,

Gardell Yancey

2030 Sycamore Ave

Hanover Park, IL 60133

gyancey2002@yahoo.com

312-912-7495



**FILED**

JUN 06 2023

IRIS Y. MARTINEZ
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL

Complaint (02/04/22) CCL 0063 A

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

### COUNTY DEPARTMENT, LAW DIVISION

Gardell Delmaro Yancey
                                    Plaintiff(s)

Office of Executive Inspector General for the Agencies of the Illinois Governor

Illinois Attorney General
                                    Defendant(s)

Case No. **23L005690**

Contact: _____

Amount Claimed: _____

Return Date: _____

### COMPLAINT

The Plaintiff(s) claim(s) as follows (use next page if more space is required):

I have been denied Due Process of the Law by all parties in question.

The allegations in this complaint are true.

☐ Atty. No.: _____          ☒ Pro Se 99500

Atty. Name: Gardell Delmaro Yancey          Dated: 6-6-23

Atty. for (if applicable): _____

Address: 2030 Sycamore Ave.          _Gardell Yancey_
                                              Signature
City: Hanover Park          State: IL

Zip: 60133

Telephone: 912-912-7495

Primary Email: gyancey2002@yahoo.com

This form is approved by the Illinois Supreme Court and is required to be accepted in all Illinois Circuit Courts.

| STATE OF ILLINOIS, CIRCUIT COURT | | For Court Use Only |
|---|---|---|
| Cook COUNTY | **CERTIFICATION FOR EXEMPTION FROM E-FILING** | |

**Instructions v**

Identify above enter the name of the county where the case was filed.

Enter the name of the person who started the case, the Plaintiff/Petitioner.

Gardell Delmarn Yancey
Plaintiff / Petitioner (First, middle, last name)

Enter the name of the person being sued, the Defendant/Respondent.

v.

Enter the Case Number given by the Circuit Clerk when the case was first filed. If you do not have one...

Hanover Park Police Department
Oak Park Police Department
Chicago Police Department
Defendant / Respondent (First, middle, last name)
North Riverside Police Department
Forest Park Police Department

**2023 L 005690**
Case Number

If I, check the reasons you are asking to file by mail, in person, or by other means. You should check all that apply.

1. **I am not able to e-file documents in this case for the following reasons** (check that apply):

☐ I am representing myself and do not have the internet or a computer in my home. My only access is through a public terminal at a courthouse, library, or other location. This poses a financial or other hardship.

You are exempt from e-filing but you do not need to file this Certification if:
• you are in jail or prison;
• you are filing a will;
• you are filing into a juvenile case; OR
• upon disability prevents you from e-filing.

☐ I am representing myself and have trouble reading, writing, or speaking in English.

☐ I am filing a document in a sensitive case, such as a petition for an order of protection or a civil no contact/stalking order.

☐ I tried to e-file my documents, but I was unable to complete the process because the equipment or assistance I need is not available.

2. **Illinois Supreme Court Rule 9(c)(6) allows for an exemption from e-filing for good cause.** For the above reasons, I need a good cause exemption from e-filing for my entire case or until I am able to e-file.

Under the Code of Civil Procedure, 735 ILCS 5/1-109, making a statement on this form that you know to be false is perjury, a Class 3 Felony.

After you finish this form, sign and print your name.

Enter your complete address, telephone number, and email address, if you have one.

I certify that everything in the Certification for Exemption from E-filing is true and correct. I understand that making a false statement on this form is perjury and has penalties by law under 735 ILCS 5/1-109.

Gardell Yancey
Your Signature

Gardell Delmarn Yancey
Print Your Name

312-912-7495
Telephone

2030 Sycamore Ave.
Street Address

Hanover Park, Il. 60133.
City, State, ZIP

gjyancey2002@yahoo.com
Email

**GETTING COURT DOCUMENTS BY EMAIL:** You should use an email account that you do not share with anyone else that you check every day. If you do not check your email every day, you may miss important information, notice of court dates, or documents from other parties.

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW, DIVISION

Gardell Yancey )
_____ )
**Plaintiff(s)** )
)
-v- )
)
Hanover Park P.D. et al. )
_____ )
**Defendant(s)** )

NO: 2023 L 005690

Calendar F

## STRIKE/DISMISSAL ORDER

This cause coming before the Court on the Plaintiff(s)' Motion for Supreme Court Rule 298 Waiver of Fees, the Court having granted/denied the Plaintiff's Motion by separate order entered this date, the Court having reviewed the Plaintiff(s)' complaint pursuant to 735 ILCS 5/2-603(a), the Court ORDERS as follows:

☐ The Plaintiff(s)' complaint fails to state factually sufficient cause(s) of action, and it is stricken. The Plaintiff is given leave to file an amended complaint with all factually required elements, no later than _____, with a copy delivered to Room 2005, Daley Center, no later than _____. Failure to submit an amended complaint will result in the case being dismissed for want of prosecution.

☑ The Plaintiffs(s)' complaint fails to state a cause of action which is legally recognized under Illinois, and no amendment or additional facts can ever be stated to grant the Plaintiff(s) the relief requested. The Plaintiff(s)' complaint is dismissed with prejudice, with no leave to amend, and is final and appealable.

☐ The Plaintiff(s)' complaint requests relief against parties who cannot be sued in Illinois state courts, including, but not limited to United States government agencies, departments and/or officials, Illinois state government agencies, departments, and/or officials. The Plaintiff(s) complaint is dismissed as to these parties with prejudice, with no leave to amend, and is final and appealable.

☐ All further proceedings shall be before the assigned judge on the assigned calendar.

ENTER:

Judge _____ No. _____

ENTER

JUN 2 8 2023

KATHY M. FLANAGAN #267

Civil Action Cover Sheet - Case Initiation          (12/01/20) CCL 0520

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

Gardell Delmaro Yancey

Hanover Park Police Department
Oak Park Police Department
Chicago Police Department
North Riverside Police Department
Forest Park Police Department

No. 2023 L 005696

### CIVIL ACTION COVER SHEET - CASE INITIATION

A Civil Action Cover Sheet - Case Initiation shall be filed with the complaint in all civil actions. The information contained herein is for administrative purposes only and cannot be introduced into evidence. Please check the box in front of the appropriate case type which best characterizes your action. Only one (1) case type may be checked with this cover sheet.

Jury Demand ☐ Yes ☒ No

### PERSONAL INJURY/WRONGFUL DEATH
CASE TYPES:
- ☐ 027 Motor Vehicle
- ☐ 040 Medical Malpractice
- ☐ 047 Asbestos
- ☐ 048 Dram Shop
- ☐ 049 Product Liability
- ☐ 051 Construction Injuries
  (including Structural Work Act, Road Construction Injuries Act and negligence)
- ☐ 052 Railroad/FELA
- ☐ 053 Pediatric Lead Exposure
- ☒ 061 Other Personal Injury/Wrongful Death
- ☐ 063 Intentional Tort
- ☐ 064 Miscellaneous Statutory Action
  (Please Specify Below**)
- ☐ 065 Premises Liability
- ☐ 078 Fen-phen/Redux Litigation
- ☐ 199 Silicone Implant

### TAX & MISCELLANEOUS REMEDIES
CASE TYPE:
- ☐ 007 Confession of Judgment
- ☐ 008 Replevin
- ☐ 009 Tax
- ☐ 015 Condemnation
- ☐ 017 Detinue
- ☐ 029 Unemployment Compensation
- ☐ 031 Foreign Transcript
- ☐ 036 Administrative Review Action
- ☐ 085 Petition to Register Foreign Judgment
- ☐ 099 All Other Extraordinary Remedies

By: Gardell Delmaro Yancey
    (Attorney)                    (Pro Se)

### COMMERCIAL LITIGATION
CASE TYPES:
- ☐ 002 Breach of Contract
- ☐ 070 Professional Malpractice
  (other than legal or medical)
- ☐ 071 Fraud (other than legal or medical)
- ☐ 072 Consumer Fraud
- ☐ 073 Breach of Warranty
- ☐ 074 Statutory Action
  (Please specify below**)
- ☐ 075 Other Commercial Litigation
  (Please specify below**)
- ☐ 076 Retaliatory Discharge

### OTHER ACTIONS
CASE TYPES:
- ☐ 062 Property Damage
- ☐ 066 Legal Malpractice
- ☐ 077 Libel/Slander
- ☐ 079 Petition for Qualified Orders
- ☐ 084 Petition to Issue Subpoena
- ☐ 100 Petition for Discovery

Official Misconduct

Primary Email: gyancey2002@yahoo.com
Secondary Email: gardelljyancey@outlook.com
Tertiary Email:

**Pro Se Only:** ☒ I have read and agree to the terms of the Clerk's Office Electronic Notice Policy and choose to opt in to electronic notice from the Clerk's Office for this case at this email address:

## IRIS Y. MARTINEZ, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
Page 1 of 1

Complaint                          (02/14/22) CCL 0063 A

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

### COUNTY DEPARTMENT, LAW DIVISION

Gardell Delmarr Yancey

                    Plaintiff(s)

Case No. 2023 L. 006690

Contact: _____

Amount Claimed: _____

Hanover Park Police Department
Oak Park Police Department
Chicago Police Department
North Riverside Police Department
Forest Park Police Department

                    Defendant(s)

Return Date: _____

**COMPLAINT**

The Plaintiff(s) claim(s) as follows (use next page if more space is required.):

Attachment letter

The allegations in this complaint are true.

◯ Atty. No.: _____ ☒ Pro Se 99500

Atty. Name: _____

Atty. for (if applicable): _____

Address: _____

City: _____ State: ____

Zip: _____

Telephone: _____

Primary Email: _____

Dated: 6-28-23

_Gardell Yancey_
               Signature

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

Gardell Delmano Yancey

Plaintiff(s)

-v-

Office of Exec. Inspector General for IL
Attorney General, et al.,
Defendant(s)

NO: 2023 L 005690

Calendar F

## STRIKE/DISMISSAL ORDER

This cause coming before the Court on the Plaintiff(s)' Motion for Supreme Court Rule 298 Waiver of Fees, the Court having granted/denied the Plaintiff's Motion by separate order entered this date, the Court having reviewed the Plaintiff(s)' complaint pursuant to 735 ILCS 5/2-603(a), the Court ORDERS as follows:

*As to other potential Defendants or those listed in "list of involved parties"* ☑ The Plaintiff(s)' complaint fails to state factually sufficient cause(s) of action, and it is stricken. The Plaintiff is given leave to file an amended complaint with all factually required elements, no later than 07/06/23, with a copy delivered to Room 2005, Daley Center, no later than 07/06/23. Failure to submit an amended complaint will result in the case being dismissed for want of prosecution.

☐ The Plaintiffs(s)' complaint fails to state a cause of action which is legally recognized under Illinois, and no amendment or additional facts can ever be stated to grant the Plaintiff(s) the relief requested. The Plaintiff(s)' complaint is dismissed with prejudice, with no leave to amend, and is final and appealable.

*As to all IL Attorney General entities listed as Defendants* ☑ The Plaintiff(s)' complaint requests relief against parties who cannot be sued in Illinois state courts, including, but not limited to United States government agencies, departments and/or officials, Illinois state government agencies, departments, and/or officials. The Plaintiff(s) complaint is dismissed as to these parties with prejudice, with no leave to amend, and is final and appealable.

☐ All further proceedings shall be before the assigned judge on the assigned calendar.

ENTER:

Judge                                    No.

ENTERED
Presiding Judge James P Flannery-1505
JUN 06 2023
IRIS Y. MARTINEZ
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL

Civil Action Cover Sheet - Case Initiation                    (12/01/20) CCL 0520

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

Grandell Delmarco Yancey

Office of the Executive Inspector General for the Illinois Attorney General
Illinois Department of Human Rights
State of Illinois Executive Ethics Commission

No. 23L005680

**CIVIL ACTION COVER SHEET - CASE INITIATION**

A Civil Action Cover Sheet - Case Initiation shall be filed with the
complaint in all civil actions. The information contained herein
is for administrative purposes only and cannot be introduced into
evidence. Please check the box in front of the appropriate case
type which best characterizes your action. Only one (1) case type
may be checked with this cover sheet.

Jury Demand ☑ Yes ☐ No

FILED
JUN 06 2023
IRIS Y. MARTINEZ
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL
DEPUTY CLERK

**PERSONAL INJURY/WRONGFUL DEATH**
CASE TYPES:
☐ 027 Motor Vehicle
☐ 040 Medical Malpractice
☐ 047 Asbestos
☐ 048 Dram Shop
☐ 049 Product Liability
☐ 051 Construction Injuries
    (including Structural Work Act, Road
    Construction Injuries Act and negligence)
☐ 052 Railroad/FELA
☐ 053 Pediatric Lead Exposure
☐ 061 Other Personal Injury/Wrongful Death
☐ 063 Intentional Tort
☐ 064 Miscellaneous Statutory Action
    (Please Specify Below**)
☐ 065 Premises Liability
☐ 078 Fen-phen/Redux Litigation
☐ 199 Silicone Implant

**TAX & MISCELLANEOUS REMEDIES**
CASE TYPES:
☐ 007 Confession of Judgment
☐ 008 Replevin
☐ 009 Tax
☐ 015 Condemnation
☐ 017 Detinue
☐ 029 Unemployment Compensation
☐ 031 Foreign Transcript
☐ 036 Administrative Review Action
☐ 085 Petition to Register Foreign Judgment
☐ 099 All Other Extraordinary Remedies

By: Grandell Delmarco Yancey
    (Attorney)                    (Pro Se)

**COMMERCIAL LITIGATION**
CASE TYPES:
☐ 002 Breach of Contract
☐ 070 Professional Malpractice
    (other than legal or medical)
☐ 071 Fraud (other than legal or medical)
☐ 072 Consumer Fraud
☐ 073 Breach of Warranty
☐ 074 Statutory Action
    (Please specify below**)
☐ 075 Other Commercial Litigation
    (Please specify below**)
☐ 076 Retaliatory Discharge

**OTHER ACTIONS**
CASE TYPES:
☐ 062 Property Damage
☐ 066 Legal Malpractice
☐ 077 Libel/Slander
☐ 079 Petition for Qualified Orders
☐ 084 Petition to Issue Subpoena
☑ 100 Petition for Discovery
   Due Process of the Law

Primary Email: gyancey2002@yahoo.com
Secondary Email:
Tertiary Email:

Pro Se Only: ☑ I have read and agree to the terms of the Clerk's Office Electronic Notice Policy and choose to opt in to electronic notice
from the Clerk's Office for this case at this email address: gyancey2002@yahoo.com

IRIS Y. MARTINEZ, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
Page 1 of 1

# IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION
### AMENDMENT

| | | |
|---|---|---|
| Gardell Delmaro Yancey | ) | |
| | ) | |
| **Plaintiff(s)** | ) | |
| | ) | |
| -v- | ) | NO: _2023 L 005690_ |
| | ) | |
| Hanover Park Police Department | ) | |
| Oak Park Police Department | ) | |
| Chicago Police Department | ) | |
| North Riverside Police Department | ) | |
| Forest Park Police Department | ) | |
| | ) | |
| **Defendant(s)** | ) | |

*details?*  **COUNT 1 – Official Misconduct**

1. On 2-21-18, an assault/hate crime occurred with the victim that was captured on camera by the Hanover Park Library.

2. The Hanover Park Police Department was called on the scene, to where the plaintiff requested that the offender be arrested.

3. Questionable actions occurred with the officers who elected not to arrest the assailant.

4. This led to Sergeant McDonnell being called on the scene, in which he concurred with the officers' decision not to prosecute.

5. The Plaintiff then expressed to the supervising officer that he did not agree with the resolution given and that further action may be taken at a later date.

6. The offender was not questioned during the whole incident.

7. Attempts were made to contact supervisory officers including the Chief of Police about the occurrence were unsuccessful to date.

8. The incident was reported to the Illinois Attorney General, Illinois Department of Human Rights, Office of the Executive Inspector General for the Illinois Attorney General, Office of Executive Inspector General for the Agencies of the Illinois Governor and the Federal Bureau of Investigation as a Hate Crime.

**COUNT 2 – Official Misconduct**

*[handwritten: W. details? What exactly happened?]*

*[handwritten: Separate incident, but is this count against Hanover Park P.D.?]*

9. A second assault by the same person in question happened again at the Hanover Park Library, in which the assailant left the building during the incident.

10. The Plaintiff immediately notified staff, who witnessed the event that a request for a video of the assault was needed for evidence.

11. It was said by staff that the IT department would only release the video upon the Hanover Park Police Department's request for the Plaintiff within a 21-day time period of the incident or it will be erased from the system.

12. The next following day of the occurrence, the Plaintiff talked to officer Pulp at the Hanover Park Police station about requesting a video from the Hanover Park Library for a possible arrest.

13. Officer Pulp stated that the department will not pursue any evidence of the incident and refused to comment further about the situation.

14. A complaint was filed with the police department regarding the manner that is pending to date.

15. The occurrences were reported to the Illinois Attorney General, Illinois Department of Human Rights, Office of the Executive Inspector General for the Illinois Attorney General, Office of Executive Inspector General for the Agencies of the Illinois Governor and the Federal Bureau of Investigation as a Hate Crime.

## COUNT 3 – Official Misconduct

16. On 6-14-23, A Freedom of Information Request was filed for the copy of a complaint assault by a Sergeant of the Hanover Park Police Department.

17. Files were sent to the Plaintiff on the same day of the filing via email that was not as described in the request.

18. On 6-19-23, the Plaintiff contacted Michelle Kurtz of the Records department regarding the discrepancy with the FOIA request.

19. The Plaintiff reiterated the information given in the request to Michelle about the correct complaint to be sent via email.

20. Michelle then stated that the records department did not have the complaint on file as described.

21. The Plaintiff is challenging the existence of the complaint for possible Obstruction of Justice/Official Misconduct.

### COUNT 4 -- Official Misconduct

*separate incident. from Count 1, suing different Defendants*

22. On **11-19-15**, the Plaintiff was involved in a car accident as a pedestrian in Forest Park, Illinois.

23. The Forest Park Police was called to the scene, to where the driver was found at fault.

24. The Plaintiff was rushed to the hospital from the scene due to injuries that occurred in the accident.

25. No court date was given to the Plaintiff regarding the accident.

26. The Plaintiff went to the Police station and questioned a Sergeant about the occurrence, to where it was said that the driver was put in a diversionary program that didn't require any court for both parties.

27. The Plaintiff was not given any proof of the program to date.

### COUNT 5 -- Official Misconduct

*Same day, different location?*

28. On **11-19-15**, the Plaintiff was involved in a car accident as a pedestrian in North Riverside, Illinois.

29. The accident was a hit and run, in which the Plaintiff was able to capture the vehicle's license plate number.

30. The North Riverside Police Department was called on the scene.

31. The Plaintiff then gave the number of the license plate, make of the car and description of the person who was driving to the officers.

32. The First officer gave the information to the Second officer, while he interviewed the Plaintiff.

33. The First officer was told by the Plaintiff that the left elbow was struck in the accident, to where he asked if I could move it and the answer was barely.

34. The officer then instructed the Plaintiff to hold his arm in the air for inspection, in which bruising was found around the elbow area.

35. The First Officer concluded that the elbow was not broken.

34. The Second officer on the scene who checked the license plate number found a perfect match to the description that was given.

35. The Plaintiff was told that the vehicle in question had a Chicago address, in which the local police department had to inquiry further into the incident because of jurisdiction.

36. Some time had passed, to where the Plaintiff visited the police station inquiring about the accident.

37. The Plaintiff was told by an officer that the Chicago Police Department has not yet done an investigation on the incident and that the Plaintiff will be notified when it happens.

38. Some time had passed again without contact, to where the Plaintiff had to visit the police station questioning about the accident.

39. The front desk stated that the report was ready with a fee.

40. The Plaintiff thought that it should have been free, given that it was the first report with the department, but he paid the cost reluctantly.

41. The Plaintiff read the report immediately and noticed that the owner of the car's information was not put in the proper place as Unit 1.

42. The owner's information was placed in the "narrative" section of the report instead.

43. The owner of the car was also not ticketed for the hit and run.

44. The Plaintiff then asked for a supervising officer about the occurrence, to where the Chief of Police came to the front desk window.

45. The Chief concurred with the officers' decision and said that the department would not take any further actions regarding the investigation.

### COUNT 6 – Official Misconduct

46. The Chicago Police Department's part of the accident that happened on 11-19-15 in North Riverside, Illinois.

47. The North Riverside Police Department officers were able to identify the owner of the vehicle from the description of the license plate that was given by the Plaintiff in the incident. ·

48. The owner's information registered in Chicago, in which the local police department was in charge of interviewing the operator of the vehicle.

49. The interviewing officers of the Chicago Police Department were unable to identify the operator of the vehicle with the description given by the Plaintiff in the accident.

50. The Officers elected not to issue any tickets to the owner, after notifying her that the vehicle was in an accident, in which she would be held liable.

51. The Plaintiff is faulting the Chicago Police Department for negligence of duty in its handling of the investigation.

### COUNT 7 – Official Misconduct

52. On 11-14-14 I walking through the Oak Park Village parking lot, when I observed two police officers having a conversation as the Plaintiff approached the area to cross.

53. The Plaintiff observed one of the officers leaving the vehicle walking back towards the police station.

54. The other officer then entered into the vehicle and started backing up {MP8684, Car 234}, while the Plaintiff was crossing the car walking.

55. The Plaintiff immediately started hitting on the back of the trunk yelling "hey" as the officer moved about 6 feet in the direction of the victim before stopping.

56. The Plaintiff notified the officer at a distance that he was almost ran over by his car.

57. The incident officer did not give a response to my statement.

58. The officer that was walking toward the police station however approached me and had a conversation about what had occurred.

59. Both officers did not take any action on resolving the incident with a report.

60. The Plaintiff then walked to the police station's front desk and spoke to Sergeant Curtain #409.

61. He was informed that an incident just occurred in the Village parking lot, to where the officers may still be present.

62. The Sergeant only gave me a complaint form to fill out and took no further action regarding the event.

63. There is a camera that is monitoring the parking lot that could have provided evidence for my claims, but was never reviewed.

63. The Plaintiff started walking from the station after the event, to his car several blocks away.

64. The Plaintiff noticed that the Oak Park police was monitoring the vehicle outside of their jurisdiction on Corcoran past Austin Street in Chicago.

65. The Plaintiff then approached the squad car and talked to Officer Lambert #409 about the interest in the car that the he owned.

66. The officer then put his car into reverse to flee the scene without a response.

67. The Plaintiff then walked back to the police station and reported that incident to Officer Lambert.

68. The Sergeant suggested that he add it to the complaint and made no further statements.

69. No formal investigation was done in the manner by the Police department.

70. The incidents were reported to the Illinois Attorney General.

**COUNT 8 – Official Misconduct**       *different incident against Oak Park P.D. ; different Ds*

71. On 12-8-14, the Plaintiff was harassed and physically assaulted by Officer Marchese of the Oak Park Police Department.

72. The officer was first noticed driving by the Plaintiff at the intersection of Humphrey and South St in Oak Park Illinois.

73. Then the officer reappeared at Mayfield and Lake St., to where the Plaintiff was stopped outside of their jurisdiction in Chicago, Illinois.

74. The Plaintiff asked Officer Marchese about the reason of for the Pedestrian Stop, to where he explained that the station received a complaint about two people with a gas can asking residents for cash or assistance to help them.

75. The Plaintiff explained that he was not involved in such actions and can prove where he was at during the alleged time.

76. The Plaintiff also explained that he was just one person and without a gas can in his presence.

77. Marchese then asked to see the Plaintiff's identification, to where he explained that the officer did not have a probable cause for the request.

78. During the conversation another squad car appeared, to where the officers concurred with Marchese in the request for my identification.

79. The Plaintiff then requested that a supervising officer be present on the scene, to where Sergeant Thomas appeared minutes later.

80. The Sergeant agreed with the officers' decision to check the Plaintiff's identification and said that "I was obstructing a police investigation."

81. The Plaintiff told Officer Thomas that it would be a reason for obstruction, if only the stop was valid.

82. The Sergeant then said that if the Plaintiff did not produce identification that he would be arrested.

83. That is when all the officers on the scene begin walking toward the Plaintiff from multiple directions for an arrest.

84. To avoid any confrontation, the Plaintiff gave Sergeant Thomas the identification, who then gave it to Officer Marchese for verification by dispatch.

85. Shortly after, the Plaintiff name cleared the system and was released.

86. The Plaintiff then attempted to identify the officers by viewing their badges, to where Officer Marchese pushed the Plaintiff in the chest backwards.

87. All the officers on the scene including the Sergeant witnessed that occurring, but did not take any action toward the offense.

88. This is the second incident with Marchese, to where he used physical force in a pedestrian stop with the Plaintiff.

89. The occurrence that happened on 12-8-14 and was reported in the complaint.

90. The investigation is still pending to date.

## Request for Relief

WHERFORE, Plaintiff demand the following relief on behalf of themselves and all others similarly situated:

A.  That an Order be entered certifying this action as a Plaintiff Pro Se filing in an action brought under Federal Rule of Civil Procedure 6;

## Restitution

A.  The Plaintiff is seeking Punitive Damages as a result of Official Misconduct from all parties that are found liable.

*How much?*

*Gardell Yancey*

# Oak Park Police Department

## CITIZEN COMPLAINT SWORN AFFIDAVIT

It is the policy of the Oak Park Police Department to thoroughly investigate all complaints against members of the Department. Illinois law requires that anyone filing a complaint against a sworn peace officer must have the complaint supported by a sworn affidavit. If the results of the investigation reveal that you knowingly provided false information regarding the complaint, you may be subject to prosecution as provided by Illinois law.

Complainant: Gardell D. Yancey          Sex: M    Race: _____

Address: 2030 Sycamore Av          Home Phone: 630-483-8342

Hanover Park, IL 60133          Bus. Phone: _____

I, Gardell D. Yancey , wish to report the following:

On Dec 8, 2014 at 11:16 pm at Lake and Mayfield (Chicago)
  (Date)          (Time)          (Location)

_____

_____

_____

_____

_____

By affixing my signature to this document, I do hereby swear and affirm that the information contained in this complaint is true and correct to the best of my knowledge.

Signature of complainant

Person witnessing/receiving complaint: _____

Complaint Intake Number: _____    Date/Time of Receipt: _____

# Oak Park Police Department

## CITIZEN COMPLAINT SWORN AFFIDAVIT

On 12-8-14 at approximately 11:16 pm, I observed a police car parked at the 102 S. Taylor apartment complex, while I was crossing South St going northbound on Humphrey. As I entered the viaduct, the same squad car crossed Humphrey going eastbound on South St behind me (about 100 ft from me). The police car did not stop me at the time. As I crossed Austin on Lake St going eastbound, the squad car reappeared and stopped me on the Chicago side near Mayfield St. That's when I identified officer Marchese exiting his vehicle, in which I asked him the purpose of the stop. He explained that the station recieved a call about "two people with a gas can going to people's residences asking for money or assistance." I explained that I wasn't involved in any such actions and that I can prove where I was at during the alleged time. He then asked to see my ID, where I explained that he didn't have probable cause (given that I'm only "one person without a gas can"). During our conversation another Oak Park police car drove up, where two officers exited the vehicle. The (unidentified) officers sided with officer Marchese and proceeded to ask for ID also.

I then requested for a Sgt. to be present on the scene, where Sgt. Thomas appeared shortly after. I've explained to officer Thomas that he didn't provide proof of the complaint nor did I match the description explained by officer Marchese. After asking multiple times for the cause, Sgt. Thomas explained that "I was obstructing a police investigation." I then told officer Thomas that would be a reason only if the stop was valid. He then told me that it I did not produce an ID, that I would be arrested. That's when all the officers on the scene begin walking toward me from multiple directions. To avoid any confrontation, I gave officer Thomas my ID, where he gave it to officer Marchese to be checked by dispatch. Shortly after, my name cleared the system and I was released.

Signature of complainant _____

Complaint Intake Number _____

Page _____ of _____

# Oak Park Police Department

## CITIZEN COMPLAINT SWORN AFFIDAVIT

This is the second incident I've had with officer Marchese, where he used physical contact. Pushing me when I attempted to identify the officers who were at the scene. The previous time, I was walking down Pleasant St going eastbound passed Taylor St, where he exited his vehicle, grabbed and shoved me onto his squad car, using a similar reason in this complaint. That the station recieved a call where a person was seen trespassing on private property and that I was the first person observed in the area. After I was released, I immediately went to the police station, where I explained to Sgt. Ryne or Rye how officer Marchese handled the situation. Sgt. Ryne/Rye explained that he would talk to officer Marchese about what happened to avoid any complaints in the future. No official report was filed.

I've also spoken with Sgt. Thomas on 11-25-14 regarding the previous complaint filed on 11-14-14. I expressed concerns on the way he handled the complaint, because he interrupted numerous times during my explaination on what had occured that night. Instead he only defended the officers actions that were in question. I then expressed that I would like to have a Commander oversee the process going forward. I believed that my previous experiences with both officers effected the way they handled the stop. I'm requesting to see proof of the call made by the Oak Park resident at approximately 11:00 pm on 12-8-14

Signature of complainant

Complaint Intake Number _____

Page _____ of _____

# Oak Park Police Department

## CITIZEN COMPLAINT SWORN AFFIDAVIT

It is the policy of the Oak Park Police Department to thoroughly investigate all complaints against members of the Department. Illinois law requires that anyone filing a complaint against a sworn peace officer must have the complaint supported by a sworn affidavit. If the results of the investigation reveal that you knowingly provided false information regarding the complaint, you may be subject to prosecution as provided by Illinois law.

Complainant: Gardell D. Yancey     Sex: M    Race: African-American

Address: 2030 Sycamore Av     Home Phone: 630-483-7342

Hanover Park, IL 60133     Bus. Phone: _____

I, Gardell D. Yancey _____, wish to report the following:

On 11-14-14 at 10:52 pm at Lombard and Madison
(Date)          (Time)          (Location)

At 123 Madison St. Village Parking Lot, I was almost ran over by an Oak Park Police car (MP8684 Car 234) at 10:52 pm on 11-14-14.

_____

_____

_____

By affixing my signature to this document, I do hereby swear and affirm that the information contained in this complaint is true and correct to the best of my knowledge.

Signature of complainant

Person witnessing/receiving complaint: _____

Complaint Intake Number: _____ Date/Time of Receipt: _____

# Oak Park Police Department

## CITIZEN COMPLAINT SWORN AFFIDAVIT

On 11-14-14 at 10.52 pm, I (Gardell D. Yancey) was walking northeast bound, through the Oak Park Village parking lot, where I observed two police officers having a conversation. As I was approaching the vehicle, one officer begin walking toward the police station, the other entered into his squad car. The officer in the car begin backing up (ILP 8584 Car 234) as I was crossing the vehicle. I immediately started yelling while hitting the trunk of the car to get his attention, which traveled about 6 feet before stopping. I went to the passenger side of the car to notify the officer that he almost ran me over. That's when the other officer who was walking toward the police station approached me, where we had a conversation about what had just occurred. Both officers' responses were unsatisfactory, which led me to report the incident to the Sergeant on duty. I explained to Sgt. J. Curtain #119, what had happened, where he gave me a complaint form to file an official report. After the conversation, I left the police station and proceeded to my car that was heated in Chicago.

I arrived at my car (15 minutes later) and noticed an Oak Park Police car (ILP 8420) out of district at Mason and Corcoran (Chicago) observing my car with his laptop up around 11:10 pm. I approached the squad car and asked Officer Lambert #409, were there any probable cause for looking at my car (2000 Buick Century) out of jurisdiction, giving that I wasn't driving it. The officer didn't give me a reason why, so I went into my book bag to write down all his information to be reported. Officer Lambert then placed his car into reverse and drove for a block to leave the scene. I then went back to the Oak Park Police station to report to Sgt. Curtain what had happened. The Sgt. advised me to add it to the report and that no addition action needed to be taken that night. This is now the 3rd and 4th incident I've had with the Oak Park Police Dept. over the past year. No official paper work was reported in the 1st and 2nd occurances, but I did have conversations with the sergeant's on duty.

_Gardell Yancey_
Signature of Complainant

Complaint Intake Number _____

Page _____ of _____



1615 West Chicago Ave,
4th Floor Chicago,Il,60622
(312) 746-3609
Scott Ando(Acting), Chief Administrator

Reference: Log No. 1061949

GARDELL YANCEY
2030  SYCAMORE
HANOVER PARK, IL 60133

Dear Gardell Yancey,

The Independent Police Review Authority (IPRA) has completed the investigation into your complaint and forwarded its recommendation to the Chicago Police Department.  The completed IPRA investigation and recommended findings will be subject to a Police Department review and potentially other review processes before the recommended finding becomes final.  These review processes may take several months to complete.

You will be informed by letter of the final disposition of your case after the review processes have been finalized.  In the meantime, IPRA wanted to thank you for bringing the matter to our attention and for your cooperation.

Very truly yours,

SCOTT ANDO(Acting)
Chief Administrator
Independent Police Review Authority



INDEPENDENT POLICE REVIEW AUTHORITY
1615 West Chicago Avenue, 4th Floor
Chicago, Illinois 60622

60133$3553  C040

IPRA

CL# 106.1949

5-3-13

1:45 AM

Scene 12:53 Area 7-17    1:25 AM

N: 6977 12.35

Interviewed M 7782

Dr. Dancy

1412 Lake Island

**INDEPENDENT POLICE REVIEW AUTHORITY**



1615 W. Chicago Avenue
Chicago, IL 60622
(312) 746-3609
**Scott Ando(Acting),** Chief Administrator

October 18, 2013

Reference: Log No. 1061949
Investigator: CHICO, ALICE

GARDELL YANCEY
2030 SYCAMORE
HANOVER PARK, IL 60133

Dear Gardell Yancey:

    The Independent Police Review Authority has conducted and completed a thorough investigation into the allegations of misconduct by the Chicago Police Department that you reported.

    All of the available evidence has been evaluated, and it has been determined that this Complaint Log Number is **UNFOUNDED**. A finding of unfounded means the evidence indicates that this incident did not occur as you alleged in your complaint. If you have any questions, please telephone the above referenced investigator.

    We appreciate your bringing this matter to our attention and your cooperation with this investigation.

Sincerely,

SCOTT ANDO(Acting)
Chief Administrator
Independent Police Review Authority

**INDEPENDENT POLICE REVIEW AUTHORITY**



1615 West Chicago Ave,
4th Floor Chicago,Il,60622
(312) 746-3609
Scott M. Ando, Chief Administrator

Reference: Log No. 1062037

GARDELL YANCEY
2030 SYCAMORE AVE
HANDOVER PARK, IL 60133

Dear Gardell Yancey,

    The Independent Police Review Authority (IPRA) has completed the investigation into your complaint and forwarded its recommendation to the Chicago Police Department. The completed IPRA investigation and recommended findings will be subject to a Police Department review and potentially other review processes before the recommended finding becomes final. These review processes may take several months to complete.

    You will be informed by letter of the final disposition of your case after the review processes have been finalized. In the meantime, IPRA wanted to thank you for bringing the matter to our attention and for your cooperation.

Very truly yours,

Scott M. Ando
Chief Administrator
Independent Police Review Authority



INDEPENDENT POLICE REVIEW AUTHORITY
1615 West Chicago Avenue, 4th Floor
Chicago, Illinois 60622

GARDELL  YANCEY
2030  SYCAMORE AVE
HANDOVER PARK, IL 60133

6013303553  C040

**INDEPENDENT POLICE REVIEW AUTHORITY**



1615 W. Chicago Avenue
Chicago, IL 60622
(312) 746-3609
**Scott M. Ando,** Chief Administrator

April 15, 2014

Reference: Log No.1062037
Investigator: CHICO, ALICE

GARDELL YANCEY
2030 SYCAMORE AVE
HANDOVER PARK, IL 60133

Dear Gardell Yancey:

The Independent Police Review Authority has conducted and completed a thorough investigation into the allegations of misconduct by the Chicago Police Department that you reported.

All of the available evidence has been evaluated, and it has been determined that the evidence was not sufficient to either prove or disprove the allegations made. The Complaint Log Number is therefore classified as **Not Sustained.** It is not a finding of guilt or innocence on the part of anyone involved in the incident. If you have any questions, please telephone the above referenced Investigator.

We appreciate your bringing this matter to our attention and your cooperation with the investigation. Even when a complaint is not sustained, I.P.R.A. and the Chicago Police Department gain valuable insights from the complaint that improve both agencies.

Sincerely,

Scott M. Ando
Chief Administrator
Independent Police Review Authority

INDEPENDENT POLICE REVIEW AUTHORITY
1615 West Chicago Avenue, 4th Floor
Chicago, Illinois 60622

Re
Inv

GARDELL YANCEY
2030 SYCAMORE AVE
HANDOVER PARK, IL 60133



**INDEPENDENT POLICE REVIEW AUTHORITY**

1615 W. Chicago Avenue
Chicago, IL 60622
(312) 746-3609
**Scott M. Ando,** Chief Administrator

July 15, 2014
Reference: Log No.1070334

GARDELL YANCEY
2013 SYCAMORE AVE
HANOVER PARK, IL 60133

Dear Gardell Yancey,

The Independent Police Review Authority ("IPRA") received your information on 14-JUL-2014, and gave it Log Number 1070334. It has been forwarded to the Internal Affairs Division of the Chicago Police Department.

IPRA intakes and registers all complaints against Chicago Police Department members. By ordinance, IPRA investigates only specific categories of complaints. All other complaints are forwarded to the Internal Affairs Division.

For additional information on the status of your complaint, you may contact the Internal Affairs Division at (312) 745-6310.

Sincerely,

Scott M. Ando
Chief Administrator
Independent Police Review Authority

July 23, 2014

Commander Robert Kilmas

Chicago Police Department

Bureau of Internal Affairs

File # **1070334**


On July 14, 2014, I was pulled over by officers Ritchie and the other unknown at approximately 3:00 am. I asked the unknown officer the reason why I was stopped. He explained that I was driving left-to-center, which was unlikely given that I was in the right lane going eastbound on North Ave before the intersection of Laramie. I gave the officer my identification and asked that a Sergeant be present during this stop, which Sgt. Murphy arrived 3 minutes later. I explained to officer Murphy their reason for pulling me over and that it was inaccurate with what actually happened. Murphy quickly sided with the officers, while the officers ran my registration. After everything checked back ok, I was not issued any tickets and let go.

Since March of 2012, I have been receiving constant harassment from the police and people who are associated with them. I filed four reports with IPRA, in which 3 were escalated to Internal Affairs, log numbers **1062037, 1061586,** and **1070334.** In the reports, I was physically abused (pushed and shoved) in one, placed in a Full-Nelson headlock in another, and illegally pulled over twice. That's just with the Chicago Police Department. I have incidents that happened in Berwyn, North Riverside, Oak Park, River Forest, Northlake, Maywood, Cook County Sheriff and even Cook County Forest Preserve Police. I'm constantly followed by people in cars and foot everywhere I go (restaurants, malls, libraries, etc) taking pictures/video of my actions. I even have helicopters that follow me in the morning on occasions. I know that it is the police and associates, because some were seen wearing various police association clothes. The last filing seem to correlate with an incident in Oak Park , where I filed an assault

708 358-5531
Det Michael
Maltezyske

Lacurii o Murphy  Sgt

MP 10 630
Ritchie

MP 7958  Sgt Murphy

7-13-14

Sgt Dinoch

312  746 8605



Independent Police Review Authority
1615 W. Chicago Avenue, 4th Floor
Chicago, IL 60622



GARDELL YANCEY
2013 SYCAMORE AVE
HANOVER PARK, IL 60133

60133$3553 C040



| Rahm Emanuel | Department of Police • City of Chicago | Garry F. McCarthy |
|---|---|---|
| Mayor | 3510 South Michigan Avenue • Chicago, Illinois 60653 | Superintendent of Police |

July 25, 2014

Gardell Yancey
2030 Sycamore Ave
Hanover Park, IL 60133-3553

Dear Mr. Yancey:

Please be advised that I have reviewed both the investigation and the additional information you provided and determined the investigation will remain closed.

Sincerely,

Robert Klimas
Commander/Director of Investigations
Bureau of Internal Affairs

RK/rp

# Summons

Hanover Park Police Department
2011 W. Lake St.
Hanover Park, IL 60133
630-823-5500


Chicago Police Department
3510 S. Michigan Ave
Chicago, IL 60653
312-746-6000


Oak Park Police Department
123 Madison St.
Oak Park, IL 60302
708-386-3800


North Riverside Police Department
2359 Des Plaines Ave
North Riverside, IL 60546
708-447-9191


Forest Park Police Department
517 Des Plaines Ave
Forest Park, IL 60130
708-366-2323


Addison Police Department
3 Friendship Plaza
Addison, IL 60101
630-543-3080


Elmhurst Police Department
125 E. 1st St.
Elmhurst, IL 60126
630-530-3050

10/25/24, 1:21 PM
Case: 1:24-cv-12960 Document #: 1 Filed: 12/27/24 Page 48 of 75 PageID #:48
345 unread) - gyancey2002@yahoo.com - Yahoo Mail



Skip to Main Content

- Ꮮ Translate
- ⋮ Feedback
- ⌐ Email Updates

- Ꮮ
- Ꮮ
- [

Search...                              ⬜

- Courts
  - Supreme Court
    - Meet the Justices
    - Docket & Briefs
    - Orders and Announcements
    - Oral Argument Audio and Video
    - Anticipated Filing Dates and Opinions List
    - Petition for Leave to Appeal Dispositions
    - Committees and Commissions
    - Rules Committee Public Hearings
    - Attorney Licensure
    - Certificate of Registration (Rule 721)
    - Staff and Contact Information
    - Supreme Court Library
    - Supreme Court Courtroom and Resources
  - Appellate Court
    - Meet the Justices
    - First District
    - Second District
    - Third District
    - Fourth District
    - Fifth District
    - Workers' Compensation
    - Oral Arguments Calendars
    - Oral Argument Audio
    - Meet the Appellate Court Clerks
    - Appellate Court Local Rules
    - Appellate Court Districts and Resources
  - Circuit Court
    - Chief Judges and Administrative Staff
    - Circuit Court Clerks
    - Jury Information
    - Judicial Directory
    - Plead and Pay Traffic / Conservation Tickets (e-Guilty)
    - Illinois Circuit Court Statistical Reports
    - Manual on Recordkeeping
    - Circuit Courts and Resources
  - **Additional Resources**
    - Judicial Events
    - Remote Proceedings
    - High-Profile Cases
    - Employment Opportunities

- Probation Eligible Employment Application
- Procurement Opportunities
- Holidays & Closings
- COVID-19 Resources
- Judicial Directory
- Judicial Branch Policies & Standards
- Illinois Judicial Conference
- Office of Statewide Pretrial Services
- Pretrial Data and Opinions
- Opinions
- Rules / Law
  - Supreme Court Rules
  - Illinois Rules of Professional Conduct of 2010
  - Illinois Code of Judicial Conduct of 2023
  - Illinois Rules of Evidence
  - Appellate Court Local Rules
  - IPI Jury Instructions
  - Illinois Compiled Statutes
  - Administrative Code (JCAR)
  - Rules of Procedure (IBAB)
  - Illinois Constitution
  - U.S. Constitution
- Services
  - Illinois e-Court Initiatives
  - re:SearchIL (Statewide Document Repository)
  - eFileIL (Statewide e-filing)
  - Certificate of Registration (Rule 721)
  - Volunteer Pro Bono Program for Criminal Appeals
  - Court Improvement Program (CIP)
  - Probation and Pretrial Practices
  - Statement of Economic Interest Forms
  - Attorney Licensure
  - Bar Admission Ceremonies
  - Supreme Court Library
- Forms
  - Approved Statewide Forms
  - Uniform Mental Health Orders
  - Probation Reimbursement Invoice Voucher
  - Annual Certification of Private Insurance Coverage
  - Probation Eligible Employment Application
  - Judicial Speakers Bureau Request Form
  - State C-10 Travel Voucher Form
  - Judicial Branch Application for Employment
  - Uniform Citation Forms
  - Court Forms Hub
  - Emergency Closing Policy and Procedures
  - Representation by Law Students / Graduates (Rule 711)
  - Judicial Request for Removal of Personal Information
  - Firearms Restraining Order Forms
  - Sentencing Judgement Order to IDOC Form
- Reports
  - Annual Report of the Illinois Courts
  - Circuit Civil, Criminal and Traffic Assessment Reports
  - Illinois Judicial Branch Strategic Agenda

- Annual Reports to the General Assembly
- Mandatory Arbitration Reports
- 2016 Statutory Court Fee Task Force Report
- 2023 Statutory Court Fee Task Force Report
- Strategic Agenda Operational Plan
- Results of 2015 Circuit Court User Survey
- Access to Justice Commission's Strategic Plan
- Illinois Circuit Court Statistical Reports
- Mental Health and Justice in Cook County Bond Courts
- Pretrial Practices Data Oversight Board Preliminary Report
- AOIC
  - Executive Office
  - Access to Justice Division
  - Administrative Services Division
  - Communications Division
  - Courts, Children and Families Division
  - Court Services Division
  - Human Resources Division
  - Judicial College Division
  - Judicial Management Information Services Division (IT)
  - Office of Statewide Pretrial Services
  - Probation Services Division
  - Contact
- Self Help
- What's New

Contact

- **Public** Find information helpful to the public
- **Judges** Find information helpful to judges
- **Lawyers** Find information helpful to lawyers
- **Media** Media links

- AOIC
- Contact

# Contact Information:
# Administrative Office of the Illinois Courts

3101 Old Jacksonville Road
Springfield, IL 62704
(217) 558-4490
(217) 785-3905 (fax)



Administrative Office of the Illi...
3101 Old Jacksonville Rd,
Springfield, IL 62704
F 5.0        1 review
View larger map

222 N. LaSalle St, 13th floor
Chicago, IL 60601
(312) 793-3250
(312) 793-1335 (fax)



# AOIC

- Executive Office
- Access to Justice Division
- Administrative Services Division
- Communications Division
- Courts, Children and Families Division
- Court Services Division
- Human Resources Division
- Judicial College Division
- Judicial Management Information Services Division (IT)
- Office of Statewide Pretrial Services
- Probation Services Division
- Contact

- Courts
  - Supreme Court
    - Meet the Justices
    - Docket & Briefs
    - Orders and Announcements
    - Oral Argument Audio and Video
    - Anticipated Filing Dates and Opinions List
    - Petition for Leave to Appeal Dispositions
    - Committees and Commissions
    - Rules Committee Public Hearings

- Attorney Licensure
- Certificate of Registration (Rule 721)
- Staff and Contact Information
- Supreme Court Library
- Supreme Court Courtroom and Resources
  - Appellate Court
    - Meet the Justices
    - First District
    - Second District
    - Third District
    - Fourth District
    - Fifth District
    - Workers' Compensation
    - Oral Arguments Calendars
    - Oral Argument Audio
    - Meet the Appellate Court Clerks
    - Appellate Court Local Rules
    - Appellate Court Districts and Resources
  - Circuit Court
    - Chief Judges and Administrative Staff
    - Circuit Court Clerks
    - Jury Information
    - Judicial Directory
    - Plead and Pay Traffic / Conservation Tickets (e-Guilty)
    - Illinois Circuit Court Statistical Reports
    - Manual on Recordkeeping
    - Circuit Courts and Resources
  - Additional Resources
    - Judicial Events
    - Remote Proceedings
    - High-Profile Cases
    - Employment Opportunities
    - Probation Eligible Employment Application
    - Procurement Opportunities
    - Holidays & Closings
    - COVID-19 Resources
    - Judicial Directory
    - Judicial Branch Policies & Standards
    - Illinois Judicial Conference
    - Office of Statewide Pretrial Services
    - Pretrial Data and Opinions
- Opinions
- Rules / Law
  - Supreme Court Rules
  - Illinois Rules of Professional Conduct of 2010
  - Illinois Code of Judicial Conduct of 2023
  - Illinois Rules of Evidence
  - Appellate Court Local Rules
  - IPI Jury Instructions
  - Illinois Compiled Statutes
  - Administrative Code (JCAR)
  - Rules of Procedure (IBAB)
  - Illinois Constitution
  - U.S. Constitution

10/25/24, 1:20 PM
Case: 1:24-cv-12960 Document #: 1 Filed: 12/17/24 Page 55 of 75 PageID #:55
Contact | Administrative Office of the Illinois Courts

- **Services**
  - Illinois e-Court Initiatives
  - re:SearchIL (Statewide Document Repository)
  - eFileIL (Statewide e-filing)
  - Certificate of Registration (Rule 721)
  - Volunteer Pro Bono Program for Criminal Appeals
  - Court Improvement Program (CIP)
  - Probation and Pretrial Practices
  - Statement of Economic Interest Forms
  - Attorney Licensure
  - Bar Admission Ceremonies
  - Supreme Court Library
- **Forms**
  - Approved Statewide Forms
  - Uniform Mental Health Orders
  - Probation Reimbursement Invoice Voucher
  - Annual Certification of Private Insurance Coverage
  - Probation Eligible Employment Application
  - Judicial Speakers Bureau Request Form
  - State C-10 Travel Voucher Form
  - Judicial Branch Application for Employment
  - Uniform Citation Forms
  - Court Forms Hub
  - Emergency Closing Policy and Procedures
  - Representation by Law Students / Graduates (Rule 711)
  - Judicial Request for Removal of Personal Information
  - Firearms Restraining Order Forms
  - Sentencing Judgement Order to IDOC Form
- **Reports**
  - Annual Report of the Illinois Courts
  - Circuit Civil, Criminal and Traffic Assessment Reports
  - Illinois Judicial Branch Strategic Agenda
  - Annual Reports to the General Assembly
  - Mandatory Arbitration Reports
  - 2016 Statutory Court Fee Task Force Report
  - 2023 Statutory Court Fee Task Force Report
  - Strategic Agenda Operational Plan
  - Results of 2015 Circuit Court User Survey
  - Access to Justice Commission's Strategic Plan
  - Illinois Circuit Court Statistical Reports
  - Mental Health and Justice in Cook County Bond Courts
  - Pretrial Practices Data Oversight Board Preliminary Report
- **AOIC**
  - Executive Office
  - Access to Justice Division
  - Administrative Services Division
  - Communications Division
  - Courts, Children and Families Division
  - Court Services Division
  - Human Resources Division
  - Judicial College Division
  - Judicial Management Information Services Division (IT)
  - Office of Statewide Pretrial Services
  - Probation Services Division

- ○ Contact
- **What's New**

- **Public** Find information helpful to the public
- **Judges** Find information helpful to judges
- **Lawyers** Find information helpful to lawyers
- **Media** Media links

- └ Translate
- ⌐ Feedback
- └ Email Updates

menu                    help ⏷ language ⏷ apps ⏷     GY ⏷

**New Case Filing**                              info ⏷

4 of 6

●

●

●

●

# Service

### Next step: Fees

## Service Contacts                    Add ⏷

You can have the e-filing system email your documents to a service contact after the clerk accepts them. This is called Service.

A service contact is a person involved in the case, like a party or their lawyer. Service through the e-filing system is not official service of process, which is required when you start a new case, for example. Click here to learn how to add a new service contact.

If you chose **eFile and Serve** as your Filing Type on the **Filings** screen, any existing service contacts will automatically be checked to receive Service. If there are no service contacts listed, you must add and check at least one service contact to eFile and Serve. Click here to learn how to skip the **Service** screen.

Supreme Court

**Hanover Park Police Department**                 person ⁰

No service contacts added. Add a new or existing contact.

Save draft and exit                    ← Filings     Fees →

No service contacts added. Add a new or existing contact.

Supreme Court
## Oak Park Police Department

person 0

No service contacts added. Add a new or existing contact.

Supreme Court
## North Riverside Police Department

person 0

No service contacts added. Add a new or existing contact.

Supreme Court
## Addison Police Department

person 0

No service contacts added. Add a new or existing contact.

Supreme Court
## Forest Park Police Department

person 0

No service contacts added. Add a new or existing contact.

Supreme Court
## Elmhurst Police Department

person 0

Berwyn Police Department

No service contacts added. Add a new or existing contact.

Supreme Court

**Streamwood Police Department**     person 0

No service contacts added. Add a new or existing contact.

**Other Service Contacts**     person 0

No service contacts added. Add a new or existing contact.

Skip to Main Content

- ⁞ Translate
- ⌐ Feedback
- ⊏ Email Updates

- ⌐
- ⌐
- ∟

Search...          ⬚

- Courts
  - Supreme Court
    - Meet the Justices
    - Docket & Briefs
    - Orders and Announcements
    - Oral Argument Audio and Video
    - Anticipated Filing Dates and Opinions List
    - Petition for Leave to Appeal Dispositions
    - Committees and Commissions
    - Rules Committee Public Hearings
    - Attorney Licensure
    - Certificate of Registration (Rule 721)
    - Staff and Contact Information
    - Supreme Court Library
    - Supreme Court Courtroom and Resources
  - Appellate Court
    - Meet the Justices
    - First District
    - Second District
    - Third District
    - Fourth District
    - Fifth District
    - Workers' Compensation
    - Oral Arguments Calendars
    - Oral Argument Audio
    - Meet the Appellate Court Clerks
    - Appellate Court Local Rules
    - Appellate Court Districts and Resources
  - Circuit Court
    - Chief Judges and Administrative Staff
    - Circuit Court Clerks
    - Jury Information
    - Judicial Directory
    - Plead and Pay Traffic / Conservation Tickets (e-Guilty)
    - Illinois Circuit Court Statistical Reports
    - Manual on Recordkeeping
    - Circuit Courts and Resources
  - Additional Resources
    - Judicial Events
    - Remote Proceedings
    - High-Profile Cases
    - Employment Opportunities

- Probation Eligible Employment Application
- Procurement Opportunities
- Holidays & Closings
- COVID-19 Resources
- Judicial Directory
- Judicial Branch Policies & Standards
- Illinois Judicial Conference
- Office of Statewide Pretrial Services
- Pretrial Data and Opinions
- Opinions
- Rules / Law
  - Supreme Court Rules
  - Illinois Rules of Professional Conduct of 2010
  - Illinois Code of Judicial Conduct of 2023
  - Illinois Rules of Evidence
  - Appellate Court Local Rules
  - IPI Jury Instructions
  - Illinois Compiled Statutes
  - Administrative Code (JCAR)
  - Rules of Procedure (IBAB)
  - Illinois Constitution
  - U.S. Constitution
- Services
  - Illinois e-Court Initiatives
  - re:SearchIL (Statewide Document Repository)
  - eFileIL (Statewide e-filing)
  - Certificate of Registration (Rule 721)
  - Volunteer Pro Bono Program for Criminal Appeals
  - Court Improvement Program (CIP)
  - Probation and Pretrial Practices
  - Statement of Economic Interest Forms
  - Attorney Licensure
  - Bar Admission Ceremonies
  - Supreme Court Library
- Forms
  - Approved Statewide Forms
  - Uniform Mental Health Orders
  - Probation Reimbursement Invoice Voucher
  - Annual Certification of Private Insurance Coverage
  - Probation Eligible Employment Application
  - Judicial Speakers Bureau Request Form
  - State C-10 Travel Voucher Form
  - Judicial Branch Application for Employment
  - Uniform Citation Forms
  - Court Forms Hub
  - Emergency Closing Policy and Procedures
  - Representation by Law Students / Graduates (Rule 711)
  - Judicial Request for Removal of Personal Information
  - Firearms Restraining Order Forms
  - Sentencing Judgement Order to IDOC Form
- Reports
  - Annual Report of the Illinois Courts
  - Circuit Civil, Criminal and Traffic Assessment Reports
  - Illinois Judicial Branch Strategic Agenda

- o Annual Reports to the General Assembly
- o Mandatory Arbitration Reports
- o 2016 Statutory Court Fee Task Force Report
- o 2023 Statutory Court Fee Task Force Report
- o Strategic Agenda Operational Plan
- o Results of 2015 Circuit Court User Survey
- o Access to Justice Commission's Strategic Plan
- o Illinois Circuit Court Statistical Reports
- o Mental Health and Justice in Cook County Bond Courts
- o Pretrial Practices Data Oversight Board Preliminary Report
- AOIC
  - o Executive Office
  - o Access to Justice Division
  - o Administrative Services Division
  - o Communications Division
  - o Courts, Children and Families Division
  - o Court Services Division
  - o Human Resources Division
  - o Judicial College Division
  - o Judicial Management Information Services Division (IT)
  - o Office of Statewide Pretrial Services
  - o Probation Services Division
  - o Contact
- Self Help
- What's New

How to e-File

- **Public** Find information helpful to the public
- **Judges** Find information helpful to judges
- **Lawyers** Find information helpful to lawyers
- **Media** Media links

- Self Help
- How to e-File

# How to Successfully e-file in Odyssey eFileIL

There are two versions of Odyssey eFileIL. There are resources for both. Scroll down to find the resources that match the version you are using

**OPTION 1:** Below are resources for the Odyssey eFileIL site available at: https://efileil.tylertech.cloud.

⬠ **This version of eFileIL is ADA accessible.**



Option 1 sign in page

| **Step-by-step written guides** | **Guías en Español** |
|---|---|
| Step-by-step written guides 1. <u>Prepare your documents</u> | Guías en Español<u>Prepare los documentos</u> |
| Step-by-step written guides 2. <u>Register to cFile</u> | Guías en Español<u>Inscríbase</u> |
| Step-by-step written guides 3. <u>Sign in and reset password</u> | Guías en Español<u>Inicie una sesión y restablezca la contraseña</u> |
| Step-by-step written guides 4. <u>Start a filing</u> | Guías en Español<u>Inicie una presentación</u> |
| Step-by-step written guides 5. <u>Add or find case information</u> | Guías en Español<u>Agregue o encuentre información sobre el caso</u> |
| Step-by-step written guides 6. <u>Add or see parties</u> | Guías en Español<u>Agregue o vea las partes</u> |
| Step-by-step written guides 7. <u>Upload documents</u> | Guías en Español<u>Cargue los documentos</u> |
| Step-by-step written guides 8. <u>Add service contacts (optional)</u> | Guías en Español<u>Agregue contactos a notificar</u> (optativo) |
| Step-by-step written guides 9. <u>Take care of fees/fee waiver</u> | Guías en Español<u>Pague las cuotas/pida una exención de cuotas</u> |
| Step-by-step written guides 10. <u>Review and submit</u> | Guías en Español<u>Revise y envíe</u> |
| Step-by-step written guides 11. <u>Check status</u> | Guías en Español<u>Consulte el estado</u> |

**OPTION 2**: Below are resources for the Odyssey eFileIL site available at: <u>https://illinois.tylertech.cloud/OfsWeb/Home</u>.



Option 2 sign in page

| Step-by-step written guides | Audio-visual guides | Guías en Español |
|---|---|---|
| Step-by-step written guides 1. Prepare your documents | Audio-visual guides | Guías en Español 1. Prepare sus documentos |
| Step-by-step written guides 2. Register to eFile | Audio-visual guides Registering for a new account with Odyssey File & Serve | Guías en Español 2. Inscríbase para hacer una presentación electrónica |
| Step-by-step written guides 3. Sign in | Audio-visual guides Signing in to your account | Guías en Español 3. Inicie sesión |
| Step-by-step written guides 4. Create a new password if you forgot it | Audio-visual guides Creating a new password | Guías en Español 4. Genere una contraseña nueva si se olvidó la anterior |
| Step-by-step written guides 5. Add a payment account | Audio-visual guides | Guías en Español 5. Agregue una cuenta de pago |
| Step-by-step written guides 6. Enter case information | Audio-visual guides Enter your case information - new case Enter your case information - file into existing case | Guías en Español 6. Ingrese la información de su caso |
| Step-by-step written guides 7. Enter party information | Audio-visual guides Enter party information | Guías en Español 7. Ingrese la información de las partes |
| Step-by-step written guides 8. Upload your documents in the filings section | Audio-visual guides Upload filings | Guías en Español 8. Cargue sus documentos en la sección de presentaciones |
| Step-by-step written guides 9. Pay fees | Audio-visual guides Pay fees | Guías en Español 9. Pague las cuotas |
| Step-by-step written guides 10. Review the summary and submit your e-filing | Audio-visual guides | Guías en Español 10. Repasar el resumen y enviar su presentación electrónica |

eFile Case Categories and Case Types Charts

Learn More

# Self Help

- Asking the Court to do Something
- Attend Court by Phone or Video
- Court Interpreter Resources
- e-Filing
- Divorce With Children
- Has My Attorney Been Disciplined?
- How do I: Juror Conduct (Handbooks)
  - Petit Juror Handbook
  - NCSC Center for Jury Studies - Videos
  - Grand Juror Handbook
- Illinois statutes (ILCS)
- Resources for Self-Represented Litigants
- Resources for SRLs in Civil Appeals
- ReSearch IL
- Standardized Court Forms
- Criminal Jury Instructions
- Civil Jury Instructions
- Understanding the Foreclosure Process

- Unpaid traffic tickets and DL suspension
- RSS Feeds
  - Family
  - Housing
  - Safety
  - Small Claims
  - Traffic
- How to e-File
- Supreme Court Access for People with Disabilities

- Courts
  - Supreme Court
    - Meet the Justices
    - Docket & Briefs
    - Orders and Announcements
    - Oral Argument Audio and Video
    - Anticipated Filing Dates and Opinions List
    - Petition for Leave to Appeal Dispositions
    - Committees and Commissions
    - Rules Committee Public Hearings
    - Attorney Licensure
    - Certificate of Registration (Rule 721)
    - Staff and Contact Information
    - Supreme Court Library
    - Supreme Court Courtroom and Resources
  - Appellate Court
    - Meet the Justices
    - First District
    - Second District
    - Third District
    - Fourth District
    - Fifth District
    - Workers' Compensation
    - Oral Arguments Calendars
    - Oral Argument Audio
    - Meet the Appellate Court Clerks
    - Appellate Court Local Rules
    - Appellate Court Districts and Resources
  - Circuit Court
    - Chief Judges and Administrative Staff
    - Circuit Court Clerks
    - Jury Information
    - Judicial Directory
    - Plead and Pay Traffic / Conservation Tickets (e-Guilty)
    - Illinois Circuit Court Statistical Reports
    - Manual on Recordkeeping
    - Circuit Courts and Resources
  - Additional Resources
    - Judicial Events
    - Remote Proceedings
    - High-Profile Cases
    - Employment Opportunities
    - Probation Eligible Employment Application
    - Procurement Opportunities

- - Holidays & Closings
    - COVID-19 Resources
    - Judicial Directory
    - Judicial Branch Policies & Standards
    - Illinois Judicial Conference
    - Office of Statewide Pretrial Services
    - Pretrial Data and Opinions
- Opinions
- Rules / Law
  - Supreme Court Rules
  - Illinois Rules of Professional Conduct of 2010
  - Illinois Code of Judicial Conduct of 2023
  - Illinois Rules of Evidence
  - Appellate Court Local Rules
  - IPI Jury Instructions
  - Illinois Compiled Statutes
  - Administrative Code (JCAR)
  - Rules of Procedure (IBAB)
  - Illinois Constitution
  - U.S. Constitution
- Services
  - Illinois e-Court Initiatives
  - re:SearchIL (Statewide Document Repository)
  - eFileIL (Statewide e-filing)
  - Certificate of Registration (Rule 721)
  - Volunteer Pro Bono Program for Criminal Appeals
  - Court Improvement Program (CIP)
  - Probation and Pretrial Practices
  - Statement of Economic Interest Forms
  - Attorney Licensure
  - Bar Admission Ceremonies
  - Supreme Court Library
- Forms
  - Approved Statewide Forms
  - Uniform Mental Health Orders
  - Probation Reimbursement Invoice Voucher
  - Annual Certification of Private Insurance Coverage
  - Probation Eligible Employment Application
  - Judicial Speakers Bureau Request Form
  - State C-10 Travel Voucher Form
  - Judicial Branch Application for Employment
  - Uniform Citation Forms
  - Court Forms Hub
  - Emergency Closing Policy and Procedures
  - Representation by Law Students / Graduates (Rule 711)
  - Judicial Request for Removal of Personal Information
  - Firearms Restraining Order Forms
  - Sentencing Judgement Order to IDOC Form
- Reports
  - Annual Report of the Illinois Courts
  - Circuit Civil, Criminal and Traffic Assessment Reports
  - Illinois Judicial Branch Strategic Agenda
  - Annual Reports to the General Assembly
  - Mandatory Arbitration Reports

- 2016 Statutory Court Fee Task Force Report
- 2023 Statutory Court Fee Task Force Report
- Strategic Agenda Operational Plan
- Results of 2015 Circuit Court User Survey
- Access to Justice Commission's Strategic Plan
- Illinois Circuit Court Statistical Reports
- Mental Health and Justice in Cook County Bond Courts
- Pretrial Practices Data Oversight Board Preliminary Report
- AOIC
  - Executive Office
  - Access to Justice Division
  - Administrative Services Division
  - Communications Division
  - Courts, Children and Families Division
  - Court Services Division
  - Human Resources Division
  - Judicial College Division
  - Judicial Management Information Services Division (IT)
  - Office of Statewide Pretrial Services
  - Probation Services Division
  - Contact
- What's New

- **Public** Find information helpful to the public
- **Judges** Find information helpful to judges
- **Lawyers** Find information helpful to lawyers
- **Media** Media links

- _ Translate
- . Feedback
- . Email Updates

ILLINOIS SUPREME COURT COMMISSION ON ACCESS TO JUSTICE



# E-Filing Guide for
# Self-Represented Litigants

### How to E-File in Odyssey
### Step 8: Upload Your Documents in the Filings Section

**E-filing Steps**

| | |
|---|---|
| 1 | • Prepare Documents |
| 2 | • Register |
| 3 | • Sign In |
| 4 | • Create New Password |
| 5 | • Add Payment Account |
| 6 | • Case Information |
| 7 | • Party Information |
| 8 | • Upload Filings |
| 9 | • Pay Fees |
| 10 | • Review Summary / Submit |

**Need Help? Call Odyssey's Filer Support Number: 1-800-297-5377**

EF-U 3708.2                                Page 1 of 7                                (07/18)



# Upload documents and complete the Filings section

The documents you want to file with the court have to be uploaded into the system. This all happens in the **Filings** section after you have completed the Case Information and Party Information. The whole packet of what you upload to file is called an "envelope" in the e-filing system.

➡️ **Choose the Filing Type**



1. Click on **Efile**.

ℹ️ This box should be defaulted to Efile, but some Locations may also have Serve or EfileAndServe as Filing Type options. Make sure you select Efile or talk to your court staff about the other options. Note: selecting Serve or EfileAndServe does NOT qualify for service of process.

➡️ **Choose the Filing Code**

1. Click on the **Filing Code** box for the drop down menu. Filing Code means the type of document that you are filing with the court (for example: Complaint, Motion, Waiver).

2. **Click** on the type of document you are filing.



ℹ️ If you don't know your Filing Code ask the court staff so there is no problem with your filing.

3. Once you select the Filing Code, you have the option of filling out four boxes, but they are not required.

    a. Filing Description (optional)
        i. This is just for you to remember what you are filing.

    b. Client Reference Number (optional)
        i. This is a tracking number for lawyers to use to know which client's case they are filing in. Since you are representing yourself, you won't use this box.

    c. Comments to Court (optional)
        i. These comments are for the court reviewer to read when assessing your document.

    d. Courtesy Copies (optional)
        i. You may enter a list of email addresses (separated by a comma) for where you want the document sent.
        ℹ️ Note: this is a courtesy and does NOT qualify for service of process or proper notice.

## 🖱️ Explanation of Lead Documents, Attachments, and Document Size

**What is a Lead Document?**
- ➤ Any document that you need the court to look at to be able to give you what you want.
  - ○ For example, if you want the court to grant your request to move your court date, upload your Motion for a Continuance as a Lead Document.
- ➤ All notice documents (such as a Notice for Court Date, Notice of Motion) are Lead Documents.
- ➤ You can file more than one Lead Document at a time.
  - ○ For example, you could have Lead Document 1: Notice of Motion; Lead Document 2: Motion for a Continuance; and Lead Document 3: Application for Waiver of Court Fees.
  - ○ An *Application for Waiver of Court Fees* is always a Lead Document and should be filed at the same time as your other documents. If the court already approved your Application for Waiver of Court Fees, you should file a copy of the approved *Order* as an attachment to anything you file after that.

**What are Attachments?**
- ➤ A category of filing that is only an option in some counties and for some types of Filing Codes. If you don't see Attachments as an option, file everything in the Lead Document section. You can do that by making the Lead Document and any attachments/exhibits one PDF, and upload as a Lead Document.
- ➤ Any document that you reference in your Lead Document, but is not technically part of the Lead Document. They are usually called exhibits or attachments.
  - ○ For example, if you write an Answer in an eviction case saying why you shouldn't be evicted, that written explanation is the Lead Document. In the Answer, you reference a receipt for paying rent. The copy of the receipt could be labeled Exhibit or Attachment 1 and would be an Attachment, not a Lead Document.

**What are the Document Size Limits?**
- ➤ For Trial Courts, each document cannot be larger than 25MB and a combined total of 50MB per filing.
- ➤ For the Supreme Court and the Appellate Courts the file size limit is to 150MB.



➪ Upload First Lead Document (Required)

 All Lead Documents MUST be uploaded as separate Lead Documents or your filing may be rejected. This means that you have to scan or save each Lead Document separately so you can upload it separately. Generally speaking, most filings will have *at least* 2 Lead Documents: (1) the main document you are filing and (2) a notice or proof of delivery document.

 If any Lead Document is more than one page long, all the pages of the same document should be scanned/saved as one document and uploaded as one document. For example, if your Motion is 3 pages long, all 3 pages should be uploaded as one Lead Document.

1. Click on the **Upload Icon** under the Lead Document heading.



2. A Window will pop up where you will select your document.

3. Find where the document is saved on the computer (desktop, documents folder, flash drive).

4. Select the document you would like to file and click **Open**. The document title will appear in the Description Box.

5. If you selected the wrong document, you can delete it by clicking on the **X** in the right corner.



6. Once you have the correct document, select the drop down menu for the **Security** box. Click whether the document is public (non-confidential) or confidential.



 Most court documents are public (non-confidential) even though they contain personal information that you may like to keep private. You may need a court order to be able to select confidential. Please speak to court staff before selecting confidential because your filing may be rejected.



7. **If your Lead Document doesn't have attachments or optional services, Click Save Changes. If your Lead Document has attachments or you want optional services, see below.**

 **Upload Attachments (Optional)**

1. Click on the **Upload** Icon under the Attachments heading.

2. A Window will pop up where you will select your document.



3. Find where the document is saved on the computer (desktop, documents folder, flash drive).

4. Select the document you would like to file and click **Open.** The document title will appear in the Description Box.

5. If you selected the wrong document, you can delete it by clicking on the X in the right corner.



6. Once you have the correct document, select the drop down menu for the **Security** box. Select whether the document is public (non-confidential) or confidential.

7. Click **Save Changes** (unless you want Optional Services, see next page).

 **Most court documents are public (non-confidential) even though they contain personal information that you may like to keep private. You may need a court order to be able to select confidential. Please speak to court staff before selecting confidential because your filing may be rejected.**

ODYSSEY
eFileIL

 **Optional Services and Fees (Optional)**

Unless you need something like certified copies of judgments, a jury demand, or an alias summons, you do not have to do anything in this section.

1. Click **Add Optional Services and Fees** and look through the drop down menu to see what is offered.




2. Click on the Service you want. Be sure not to click anything you already selected in the Filing Code, or you may be charged twice.

3. If applicable, type the **number** of that service you want in the Enter a Quantity box.

Optional Services and Fees

(Misc ) - Copies - Certified - $6 00 each

Enter a Quantity

1

4. Click **Save Changes**.

⇨ **Upload Additional Lead Document**

1. Add additional Lead Documents by clicking the **Add Another Filing**.



2. Follow the instructions above for Uploading another Lead Document.

3. Repeat for all Lead Documents in your case.

⇨  **Service Contacts**

After uploading your documents, if you see the Service Contacts box it means you selected Serve or EfileAndServe for the Filing Type.



1. Click **Actions** next to the party you want to send email notice to. Note: this gives notice to the other side, but NOT qualify for service of process.

ODYSSEY
eFileIL

2. Click on **Add from Service Contacts** or **Add From Public List** to find the email you want to send to.

3. If you find the email, Click on it.
   a. Click **Save Changes**.

4. If you get a message saying there are no contacts or no items to display, click **Close**.



5. If you don't want to send anyone notice of the filing by email or if no contacts are listed, you can get rid of this section by going back to the Filings Section. You will see all of the Lead Documents you have uploaded.
   a. Click on the first **document**. It will now be shaded blue and the information about the document will open below.
   b. Click on the dropdown menu for **Filing Type**.
   c. Change the Filing Type to **Efile**.



   d. Scroll down and click **Save Changes**.
   e. Click on the next document and change the Filing Type to Efile. Make sure all Lead Documents have just Efile as the Filing Type.

👍 **You have successfully uploaded your documents/completed the Filings section.**

*Wardell Yancey*

Need Help? Call Odyssey's Filer Support Number: 1-800-297-5377

EF-U 3708.2

(07/18)

ALERT: EFFECTIVE NOVEMBER 29, 2024, INTERNATIONAL MAIL SERVICE TO **CANADA** IS TEM...

# USPS Tracking®

FAQs >

Remove ✕

**Tracking Number:**

## 9505512149884299970393

Copy       Add to Informed Delivery (https://informeddelivery.usps.com/)

## Latest Update

Your item was delivered in or at the mailbox at 1:33 pm on October 28, 2024 in SPRINGFIELD, IL 62704.

**Get More Out of USPS Tracking:**

    USPS Tracking Plus®

Feedback

## Delivered

**Delivered, In/At Mailbox**

SPRINGFIELD, IL 62704
October 28, 2024, 1:33 pm

**See All Tracking History**

What Do USPS Tracking Statuses Mean? **(https://faq.usps.com/s/article/Where-is-my-package)**

| | |
|---|---|
| **Text & Email Updates** | ⌄ |
| **USPS Tracking Plus®** | ⌄ |
| **Product Information** | ⌄ |

See Less ⌃

Track Another Package